Filed 1/2/26  P. v. Foster CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SEAN LUIS FOSTER,<br><br>    Defendant and Appellant. | F089165<br><br>(Super. Ct. No. F24902056)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Sean Luis Foster (appellant) pleaded no contest to felony unlawfully taking or driving a vehicle. He was referred to veteran's treatment court, but the case was returned to the trial court because he had charges pending in other counties. He was released from custody to resolve those cases but subsequently failed to appear as ordered. He was returned to custody and sentenced to the second strike lower term of 32 months in prison.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

On March 21, 2024, a felony complaint was filed in the Superior Court of Fresno County charging appellant with count 1, unlawfully driving or taking a vehicle on March 19, 2024 (Veh. Code, § 10851, subd. (a)); and count 2, receiving a stolen motor vehicle on or about March 17 through March 19, 2024 (Pen. Code, § 496d, subd. (a)). As to both counts, it was alleged the vehicle's value exceeded $950 (Pen. Code, §§ 487/490.2, subd. (a)), appellant had one prior strike conviction, and he had one aggravated factor, that he served a prior term in prison or jail (Pen. Code, § 1170, subd. (h).) Appellant pleaded not guilty.

On March 29, 2024, defense counsel filed a notification of appellant's military status.

On April 5, 2024, the day of the scheduled preliminary hearing, appellant entered into a negotiated disposition and pleaded no contest to felony count 1, unlawfully driving or taking a vehicle, and admitted the prior strike conviction and aggravating circumstance, for the indicated disposition that the court would dismiss the prior strike conviction and place him on probation if he participated in veteran's treatment court.

2.

The court dismissed the remaining charges and referred the matter to veteran's treatment court.

On May 15, 2024, the veteran's treatment court determined appellant had pending out-of-county cases that had to be resolved before appellant could be considered for treatment, and referred the matter back to the trial court.

On June 14, 2024, the trial court granted appellant's motion for presentence release to resolve his out-of-county cases, and advised appellant that he faced a prison sentence if he failed to appear for the next hearing in Fresno County.

On August 2, 2024, the trial court convened a hearing. Defense counsel was present but appellant failed to appear as ordered. Defense counsel stated appellant had to serve time in both Sonoma and Napa Counties for probation violations, and appellant was expected to be released later in August. The court revoked appellant's presentence release and issued a bench warrant.

On September 16, 2024, appellant failed to appear in Fresno County as ordered. Defense counsel believed he was still in custody in Napa County, and requested the trial court issue a bench warrant to ensure appellant was returned to Fresno County. The court found appellant was released on September 2, 2024, and he signed a promise to appear at this hearing. The court issued a bench warrant for his arrest.

On November 12, 2024, appellant appeared in custody, and the trial court set the sentencing hearing.

On December 20, 2024, appellant was sentenced to the lower term of 16 months on count 1, doubled to 32 months as the second strike term.

On January 9, 2025, appellant filed a timely notice of appeal based on the sentence or other matters occurring after the plea; he did not request or receive a certificate of probable cause.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. On July 15, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.